UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
KIRAN P. ATWAL,                 )
                                )
         Plaintiff,             )
                                )
         v.                     )     Civil Action No. 10-1749 (RWR)
                                )
SHIVANI MYER,                   )
                                )
         Defendant.             )
_____)
```

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Kiran Atwal brings this breach of contract action against Shivani Myer, alleging that Myer defaulted on a promissory note.  Myer has moved under Federal Rule of Civil Procedure 12(b)(2) to dismiss the complaint for lack of personal jurisdiction.  Atwal opposes, arguing that the court has personal jurisdiction over Myer because Myer sent payments on the promissory note to Washington, D.C. after Atwal became a resident of Washington, D.C.  Atwal has not met his burden of establishing that this court has personal jurisdiction over Myer.  However, this case will be transferred in the interest of justice to the Northern District of Texas rather than be dismissed.

## BACKGROUND

Atwal alleges the following facts.  In 1999, he was treated for depression by Myer, a psychiatrist at the University of Texas Southwestern Medical Center.  Atwal moved from Texas to California in 2000.  That year, Atwal lent Myer $144,000, wiring

the money to Myer from California.  Myer signed promissory notes

in 2000 and 2005 governing the terms of repayment.  Atwal moved

to the District of Columbia in 2009 and Myer sent payments to him

here.  Later that year, Myer stopped making payments that were

due, and Atwal filed this action to recover his money.  Myer has

moved under Rule 12(b)(2) to dismiss the complaint for lack of

personal jurisdiction.  Atwal opposes.

<u>DISCUSSION</u>

        "'It is plaintiff's burden to make a prima facie showing

that the Court has personal jurisdiction over the defendant[].'"

<u>Gomez v. Aragon</u>, 705 F. Supp. 2d 21, 23 (D.D.C. 2010) (quoting

<u>Ballard v. Holinka</u>, 601 F. Supp. 2d 110, 117 (D.D.C. 2009)).  A

pro se plaintiff is required to plead an adequate basis for a

court to exercise personal jurisdiction over a defendant for

claims pled.   <u>Atwal v. Lawrence Livermore Nat'l Sec.</u>, 786 F.

Supp. 2d 323, 325 (D.D.C. 2011) (citing <u>Aragon</u>, 705 F. Supp. 2d

at 23).

        Under the Federal Rules of Civil Procedure, personal

jurisdiction in this case "must be determined by reference to

District of Columbia law."  <u>United States v. Ferrara</u>, 54 F.3d

825, 828 (D.C. Cir. 1995).  "A District of Columbia court may

exercise personal jurisdiction over a person domiciled in, . . .

or maintaining his . . . principal place of business in, the

District of Columbia as to any claim for relief."  D.C. Code

-3-

§ 13-422.  For a defendant like Myer who is not domiciled in the
District of Columbia, the D.C. Circuit has set forth a two-part
inquiry for assessing personal jurisdiction.  First, the court
determines whether there is a basis for personal jurisdiction
under the District of Columbia's long-arm statute.  See GTE New
Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C.
Cir. 2000).  The District's long arm statute permits a court in
the District of Columbia to exercise personal jurisdiction over a
defendant who does not reside in the District with regard to
claims arising from the defendant's "transacting any business in
the district of Columbia[.]"  D.C. Code § 13-423(a)(1).  For the
second part of the inquiry, the court determines whether the
exercise of personal jurisdiction is consistent with the
constitutional requirements of due process.  See GTE New Media
Servs., Inc., 199 F.3d at 1347.  Exercising personal jurisdiction
over a defendant comports with due process when a defendant's
"minimum contacts" with the District of Columbia establish that
"the maintenance of the suit does not offend traditional notions
of fair play and substantial justice."  Int'l Shoe Co. v.
Washington, 326 U.S. 310, 316 (1945) (internal quotation marks
omitted).  "These minimum contacts must arise from 'some act by
which the defendant purposefully avails [herself] of the
privilege of conducting activities with the forum state, thus
invoking the benefits and protections of its laws.'"  Gomez, 705

-4-

F. Supp. 2d at 23 (quoting <u>Asahi Metal Indus. Co., Ltd. v. Super.</u>
<u>Ct. of Cal., Solano Cty.</u>, 480 U.S. 102, 109 (1987) (internal
quotation omitted)).  "In other words, 'the defendant's conduct
and connection with the forum State are such that [s]he should
reasonably anticipate being haled into court there.'"  <u>Gomez</u>, 705
F. Supp. 2d at 23 (quoting <u>World-Wide Volkswagen Corp. v.</u>
<u>Woodson</u>, 444 U.S. 286, 297 (1980)).  "The unilateral activity of
those who claim some relationship with a nonresident defendant
cannot satisfy the requirement of contact with the forum states."
<u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474 (1985).

     Here, Atwal presents no facts that establish personal
jurisdiction over Myer in the District of Columbia.  Atwal argues
that Myer "conducted business with a resident of the District of
Columbia" because she "made payments across interstate lines to
plaintiff . . . while plaintiff was [a] resident of [the]
District of Columbia."  (Pl.'s Opp'n at 1.)  However, Atwal does
not allege or show that Myer is or ever was domiciled in the
District of Columbia, that her principal place of business is or
was in the District of Columbia, or that Atwal loaned money to
Myer in the District of Columbia.  Neither Atwal nor Myer was a
resident of the District of Columbia at the time that the
original loan was made or when any of the promissary notes were
executed.  To the extent that the material attached to Atwal's
complaint discloses the parties expectations, nothing in that

-5-

material refers to the District of Columbia in any manner.  To the contrary, the two promissory notes that Atwal attaches to his complaint contain California and Texas addresses for the parties, and state that the notes will be governed and interpreted under the laws of the State of Texas.  (Compl. Ex. 1, 2.)

Nor do Myer's payments sent to Atwal in the District of Columbia amount to the minimal contacts with the district that would permit personal jurisdiction over Myer consistent with due process.  Atwal's voluntary and unilateral choice to have Myer send her obligatory payments to a District of Columbia address does not reflect Myer purposefully availing herself of the privilege of conducting activities here.  See Burger King Corp., 471 U.S. at 474.  Moreover, Atwal has provided no authority supporting the proposition that Myer reasonably could have expected that sending payments to Atwal in the District of Columbia for a note that was executed in a different state and governed by a different state's laws would have caused her to be hauled before a court in the District of Columbia.

In addition, although the parties did not address the issue of venue, Atwal's complaint does not establish that venue is proper in the District of Columbia under 28 U.S.C. § 1391.  When, as here, jurisdiction is based solely on diversity of citizenship, the applicable venue provision is 28 U.S.C. § 1391(a), which states that venue is proper in a judicial

district (1) "where any defendant resides, if all defendants reside in the same State," (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a)(1)-(3).  Myer does not reside in the District of Columbia, the District of Columbia was not the location where a substantial part of the events giving rise to the claim occurred, and Myer is not subject to personal jurisdiction in the District of Columbia.

Although this court lacks personal jurisdiction over Myer, this action may be transferred nevertheless to a proper venue. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).  Under 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  Transfer is appropriate under § 1406(a) when procedural obstacles prevent a timely adjudication on the merits.  Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962)).  Procedural obstacles include "lack of personal

jurisdiction, improper venue, and statute of limitation bars."
Sinclair, 711 F.2d at 294.  "Generally, the interests of justice
require transferring such cases to the appropriate judicial
district rather than dismissing them."  Poku v. FDIC, 752 F.
Supp. 2d 23, 25 (D.D.C. 2010).  "The decision to transfer an
action [under § 1406(a)] is left to the discretion of the Court."
Baez v. Connelly, 734 F. Supp. 2d 54, 58 (D.D.C. 2010).  "Courts
can determine venue by applying a 'commonsense appraisal' of
events having operative significance."  James v. Booz-Allen &
Hamilton, Inc., 227 F. Supp. 2d 16, 20 (D.D.C. 2002) (quoting
Lamont v. Haig, 590 F.2d 1124, 1134 (D.C. Cir. 1978)).

     The parties have not addressed the question of to what
district this case should be transferred in the event that it is
not dismissed.  However, a commonsense appraisal of the
significant events in this case reveals that venue would be
appropriate in the Northern District of Texas.  In the complaint,
Atwal lists under Myer's name an address in Flower Mound, Texas.
(Compl. at 1.)  In the "Notice of Default" that Atwal attached to
the complaint, he lists Myer's address as one in Dallas, Texas.
(Id., Ex. 3.)  Both cities are located in the Northern District
of Texas.  Atwal sent the loan proceeds to Myer in Texas.
(Compl. at 2; Def.'s Mem. ¶ 3.)  Rather than this case being
dismissed for lack of personal jurisdiction over Myer, this case

-8-

will be transferred in the interest of justice to the Northern

District of Texas.

<u>CONCLUSION AND ORDER</u>

Atwal has failed to present specific facts on which personal

jurisdiction over Myer can be based.  However, because venue is

improper here but would be proper in the Northern District of

Texas, it is hereby

ORDERED that the defendants' motion [5] to dismiss be, and

hereby is, DENIED.  It is further

ORDERED that the Clerk TRANSFER this case to the United

States District Court for the Northern District of Texas.

SIGNED this 31st day of January, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge